# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAY HARGROVE, | : | CIVIL NO. 3:15-CV-954 |
| | : | |
| Plaintiff, | : | (Judge Kosik) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| RANDY WERTZ, et al., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I.  Statement of Facts and of the Case

The plaintiff, Ray Hargrove, is a state prisoner who has filed a *pro se* complaint with this court. (Doc. 1.) Liberally construed, this complaint alleges that Hargrove has been verbally harassed by the defendants. (Id.) The complaint also alleges, without any further factual averments, that the plaintiff has been retaliated against, and has experienced racial disparity of a type that is not further described or discussed in the complaint. (Id.)

Along with his complaint the plaintiff has filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) For the reasons set forth below, we will grant the

1

plaintiff leave to proceed *in forma pauperis* in this case, but as part of our legally-mandated screening review we find that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, we recommend that the court dismiss the complaint without prejudice to allowing the plaintiff to file an amended complaint which properly states a claim upon which relief may be granted.

## II. Discussion

### A. Screening of *Pro Se* Complaints–Standard of Review

This court has an on-going statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light

most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the court of appeals has observed: "The Supreme Court in Twombly set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege 'enough

5

facts to state a claim to relief that is plausible on its face.' Twombly, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.' Id. A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

In this regard, one of the basic requisites for a civil complaint is that it must recites some essential facts tying the defendants to some alleged misconduct. This fundamental requirement is driven both by matters of principle, and by pragmatic considerations. As a matter of principle and practice, a basic factual recital is essential in a complaint because it is simply impossible without such averments to properly assign individual responsibility to a particular defendant without some factual description of what has transpired. Therefore, it is incumbent upon a plaintiff to describe who he seeks to sue, and what these parties did that violated the plaintiff's

rights. When a plaintiff fails in this basic responsibility, it is the duty of the court to dismiss his claims. See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) dismissing illegible complaint). Further, in order to satisfy the strictures of Rule 8, a complaint must also contain a coherent prayer for relief, demanding relief from a defendant that lies within the power of the defendant to provide. See Klein v. Pike Cnty. Comm'rs, CIV.A. 11-278, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011)(failure to articulate a prayer for relief compels dismissal); Snyder v. Snyder, 4:12-CV-105, 2012 WL 512003 (M.D. Pa. Jan. 24, 2012) report and recommendation adopted, 4:12-CV-105, 2012 WL 511993 (M.D. Pa. Feb. 15, 2012)(same).

Applying these legal benchmarks, for the reasons set forth below, we conclude that this complaint is fatally flawed and should, therefore, be dismissed.

### B. As Currently Pleaded, This Complaint Fails to State a Claim Upon Which Relief May Be Granted

In this case, the plaintiff's complaint, as presently drafted, does not satisfy the pleading standards required by federal law. At the outset, we note that Hargrove's principal complaints relate to episodes of alleged verbal harassment by prison staff extending back to 2013. These allegations, which form the gravamen of Hargrove's complaint, warrant only brief consideration since it is clear that the plaintiff may not premise a constitutional claim merely on alleged verbal harassment, as he apparently attempts to do in this complaint. Rather, "[i]t is well settled that verbal harassment of a prisoner, although deplorable, does not violate the Eighth Amendment. See McBride v. Deer, 240 F.3d 1287, 1291 n. 3 (10th Cir.2001); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir.2000); see also Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir.1997) (rejecting the Eighth Amendment claim of a prisoner who alleged that he "was verbally harassed, touched, and pressed against without his consent" because "[n]o single incident that he described was severe enough to be 'objectively, sufficiently serious.' ")." Robinson v. Taylor, 204 F. App'x 155, 156 (3d Cir. 2006). See, e.g., Rister v. Lamas, 4:CV-10-1574, 2011 WL 2471486 (M.D. Pa. June 21, 2011); Patterson v. Bradford, CIV. 10-5043 NLH, 2011 WL 1983357 (D.N.J. May 20, 2011); Williams v. Bradford, CIV. 10-5120 JBS, 2011 WL 1871437 (D.N.J. May

9

13, 2011); Ringgold v. Lamby, 565 F. Supp. 2d 549, 553 (D. Del. 2008); Sharpe v. Costello, 1:06 CV 1493, 2007 WL 1098964 (M.D. Pa. Apr. 11, 2007). Thus, to the extent that the plaintiff simply alleges that he was verbally harassed by the defendants, given that it is "well settled that verbal harassment of a prisoner, although deplorable, does not violate the Eighth Amendment," Robinson v. Taylor, 204 F. App'x 155, 156 (3d Cir. 2006), this verbal harassment allegation fails to state a constitutional claim. Mimms v. U.N.I.C.O.R., 386 F. App'x 32, 35 (3d Cir. 2010)(Verbal harassment of a prisoner, without more, does not violate the Eighth Amendment); Lindsey v. O'Connor, 327 F. App'x 319, 321 (3d Cir. 2009)(Verbal harassment of a prisoner, although distasteful, does not violate the Eighth Amendment).

As for Hargrove's retaliation and racial disparity claims, as currently pleaded these claims are nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions [unsupported by well-pleaded factual allegations, a form of pleading which] will not do [to state a claim upon which relief may be granted]." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Therefore, these claims, as pleaded are legally insufficient and should be dismissed as well.

While we recommend dismissal of the complaint, as pleaded, we recognize that *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, the plaintiff has not alleged facts that would state a claim upon which relief may be granted, and he may be unable to do so. Nonetheless, out of an abundance of caution, and in order to preserve the plaintiff's rights, it is recommended that this matter be dismissed without prejudice to the plaintiff attempting to amend this federal complaint to state a claim upon which relief may be granted in federal court, by including proper allegations that meet the requirements of federal law.

### III. Recommendation

Accordingly, for the foregoing reasons, we will GRANT the plaintiff leave to proceed *in forma pauperis* in this case, (Doc. 2.), but IT IS RECOMMENDED that the complaint be DISMISSED without prejudice to any effort by the plaintiff to timely allege facts in an amended complaint which might state a claim upon which relief may be granted, provided that the plaintiff acts within 20 days of any dismissal order.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 27th day of August 2015.

*__S/Martin C. Carlson__*
Martin C. Carlson
United States Magistrate Judge
