# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAY HARGROVE,** | : | CIVIL NO. 3:15-CV-954 |
| **Plaintiff,** | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Carlson) |
| **RANDY WERTZ, et al.,** | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.  Statement of Facts and of the Case

The plaintiff, Ray Hargrove, is a state prisoner who filed a *pro se* complaint with this court. (Doc. 1.) Liberally construed, this complaint alleged that Hargrove had been verbally harassed by the defendants. (Id.) The complaint also alleged, without any further factual averments, that the plaintiff had been retaliated against, and had experienced racial disparity of a type that was not further described or discussed in the complaint. (Id.)

On August 27, 2015, we granted the plaintiff leave to proceed *in forma pauperis* in this case, but as part of our legally-mandated screening review we found that the plaintiff had failed to state a claim upon which relief may be granted. Therefore, we recommended that the Court dismiss the complaint without prejudice

1

to allowing the plaintiff to file an amended complaint which properly stated a claim upon which relief may be granted. (Doc. 12.) The district court adopted this recommendation on September 10, 2015, (Doc. 15), and gave Hargrave 20 days in which to amend his complaint.

Hargrave did not meet this deadline, but requested two extensions of time to file an amended complaint, both of which we granted. (Docs. 16-20.) The last deadline set for completion of this task was December 10, 2015. This deadline has now passed without any action by Hargrave to further litigate this case. On these facts it is now recommended that this case be dismissed with prejudice.

**II.     Discussion**

While our initial analysis called for dismissal of this action, the Court provided the plaintiff a final opportunity to further litigate this matter by endeavoring to promptly file a proper amended complaint. Having concluded that this *pro se* complaint was flawed, we followed this course recognizing that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

Thus, in this case, the plaintiff was given this opportunity to further amend his complaint, but has now forfeited this opportunity through his inaction. In this situation, where a deficient complaint is dismissed without prejudice but the *pro se* plaintiff refuses to timely amend the complaint, it is well within the court's discretion to dismiss the complaint with prejudice given the plaintiff's refusal to comply with court directives. Indeed, this precise course was endorsed by the United States Court of Appeals for the Third Circuit in Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). In Pruden, the appellate court addressed how district judges should exercise discretion when a *pro se* plaintiff ignores instructions to amend a complaint. In terms that are equally applicable here the court observed that:

> The District Court dismissed the complaint without prejudice and allowed [the *pro se* plaintiff] twenty days in which to file an amended complaint. [The *pro se* plaintiff] failed to do so. Because [the *pro se* plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. See In re Westinghouse Securities Litigation, 90 F.3d 696, 704 (3d Cir.1996). The District Court expressly warned [the *pro se* plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." Id. (quoting Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir.1994)).

Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007).

This course of action has also been the past practice of this court when

confronted with litigants who refuse to abide by instructions to timely amend their pleadings. See e.g., Robertson v. Samuels, No. 3:13-CV-2500, 2014 WL 347007, at *3 (M.D. Pa. Jan. 30, 2014) aff'd, 593 F. App'x 91 (3d Cir. 2014) cert. denied, 135 S. Ct. 1565, 191 L. Ed. 2d 650 (2015). Therefore it is recommended that the complaint now be dismissed with prejudice as frivolous for failure to state a claim without further leave to amend.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's complaint be dismissed with prejudice as frivolous for failure to state a claim and this case be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 22d day of December, 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
